IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RAYMOND LINDSEY, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:19cv277 |
| OFFICER D.D. PRUITT, ET AL. | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Raymond Lindsey, Jr., an inmate confined at the Wynne Unit of the Texas Department of Criminal Justice, Correctional Institutions Division in Huntsville, Texas, proceeding *pro se*, brings this civil rights complaint pursuant to 42 U.S.C. § 1983 against Officer D.D. Pruitt of the Houston Police Department; Sheriff Tommy Gage, the Sheriff of Montgomery County, Texas; Judge Phil Grant of the 359th Judicial District Court in Montgomery County, Texas; and Philip Teissier, the District Attorney for Montgomery County, Texas.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff complains that the defendants were participants in the criminal proceeding brought against him which he contends violated his civil rights and led to his alleged wrongful conviction and imprisonment.

Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C.

§ 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Here, plaintiff complains of incidents which occurred in Houston, Texas and Conroe, Texas. Further, the defendants are all located in Harris County and Montgomery County, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is both Harris County and Montgomery County. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, both Houston County and Montgomery County are located in the Houston Division of the United States District Court for the Southern District of Texas. Accordingly, venue for such claims is not proper in the Eastern District of Texas.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The claims should be transferred to the Southern District of Texas. An appropriate order so providing will be entered by the undersigned.

**SIGNED this the 29th day of July, 2019.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE